# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEENAN T. HOLMES,** | : | **CIVIL ACTION NO. 1:13-CV-0651** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **CHARLES E. SAMUELS, JR.,** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Keenan T. Holmes ("petitioner"), an inmate incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361 on March 12, 2013. (Doc. 1.) He seeks to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Docs. 2, 6.) For the reasons set forth below, the motions to proceed in forma pauperis will be granted, and the petition will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. **Allegations of the Petition**

Petitioner seeks a "Writ of mandamus upon respondent, compelling respondent to answer Petitioner's Administrative Remedy Appeals in which respondent has failed to respond to within the allotted time limit. . . ." (Doc. 1, at 1.) He alleges that the "respondents [sic] failure to respond in a timely manner has deprived the petitioner of his First Amendment right to petition courts for a redress of his grievance regarding the issues in his appeal, before a plaintiff/petitioner can file a pleading in a court of law regarding a violation of his rights." (Doc. 1, at 3-4.)

He contends that he is owed a duty pursuant to 28 C.F.R. § 541.18, which requires a response to his appeal.

## II. **Standard of Review**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed in forma pauperis if the court determines that the complaint "fails to state a claim on which relief may be granted." In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Iqbal, 556 U.S. 662, 129 S.Ct. at 1949. Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin,

2

Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

### III.   **Discussion**

Petitioner is seeking to compel respondent to provide him with a decision on his administrative appeal, which has been pending for over six months. (Doc. 1, at 3.) He argues that respondent's failure to issue a decision within the forty-day time period set forth in the regulation is precluding him from initiating an action in federal court. (Id. at 2-3.)

The writ of mandamus is an ancient form of common law judicial relief, a request for a court order compelling a public official to perform some legally-mandated duty. The power of federal courts to issue writs of mandamus is now defined in 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

The " 'writ is a drastic remedy that 'is seldom issued and its use is discouraged.' " In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (quoting In re Chambers Dev. Co., 148 F.3d 214, 223 (3d Cir.1998) (quoting Lusardi v. Lechner, 855 F.2d 1062, 1069 (3d Cir.1988))). There are two prerequisites to issuing a writ of mandamus. First, a petitioner must show that he has no other adequate means to attain his desired relief. Hinkel v. England, 349 F.3d 162, 164 (3d Cir.2003) (citations omitted). Second, a petitioner must show that his right to the writ is clear and

3

indisputable.  Id.  Mandamus is an extraordinary remedy that can only be granted where a legal duty " 'is positively commanded and so plainly prescribed as to be free from doubt.' "  Harmon Cove Condominium Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987) (quoting Richardson v. United States, 465 F.2d 844, 849 (3d Cir. 1972) (*en banc*), rev'd on other grounds, 418 U.S. 166 (1974)).  It is "intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."  Heckler v. Ringer, 466 U.S. 602, 616 (1984) (citations omitted); see also Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980).  "[O]nly 'exceptional circumstances amounting to a judicial 'usurpation of power' ' will justify issuance of the writ."  Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) (citations omitted).  "[T]he party seeking mandamus has the 'burden of showing that its right to issuance of the writ is 'clear and indisputable.' ' "  Id. (citations omitted).

Issuance of a writ of mandamus in this instance is inappropriate as petitioner has obtained the relief he seeks.  Specifically, 28 C.F.R. § 542.18, provides that general counsel has forty calendar days to provide a response.  The institution may extend this time period only once by a period of twenty days.  Id.  However, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  Id.  Because the time for a response has clearly elapsed, petitioner may consider the lack of a response to be a denial and may proceed to federal court,

4

provided that he has complied with the time and procedure requirements set forth in 28 C.F.R. § 542, and its pertinent parts. The petition will therefore be dismissed.

## IV. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp, 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The United States Supreme Court, however, has stated that leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15). Given the facts alleged by petitioner, allowing him to amend would be futile.

5

**V.     Conclusion**

Based on the foregoing, plaintiff's petition will be dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order accompanies this Memorandum.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge


Dated:     May 20, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEENAN T. HOLMES,** | : | CIVIL ACTION NO. 1:13-CV-0651 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **CHARLES E. SAMUELS, JR.,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 20th day of May, 2013, upon consideration of the petition for writ of mandamus (Doc. 1), it is hereby ORDERED that:

1. Plaintiff's motions to proceed without full prepayment of fees and costs (Docs. 2, 6) are granted for the sole purpose of the filing of this action, and the petition is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge